FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 11, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT E. KOVACEVICH AND YVONNE R. KOVACEVICH, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO.: 2:24-CV-0217-TOR<br><br>ORDER GRANTING UNITED STATES' MOTION TO DISMISS |

BEFORE THE COURT is the United States' Motion to Dismiss. ECF No. 12. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, the United States' Motion to Dismiss is granted.

## BACKGROUND

The Plaintiffs and the WMI corporation "have been arguing over Mr. Kovacevich's employment status [with WMI] – and the implications of that status – for various tax periods over many years in multiple venues. Specifically, WMI

ORDER GRANTING UNITED STATES' MOTION TO DISMISS ~ 1

has consistently argued that it was not responsible for withholding or paying federal taxes in connection with the services provided by Mr. Kovacevich on the grounds that he was an independent contractor and was not employed by the firm he owned and operated.

In 1999, the IRS had determined that WMI was liable for employment tax deficiencies, plus penalties, for 1994 and the first quarter of 1995 because WMI had improperly classified Mr. Kovacevich as an independent contractor rather than an employee. WMI disputed the liabilities in Tax Court, which upheld the IRS's determinations in a 2003 memorandum opinion. See *Western Mgmt. Inc.*, 2003 WL 21276359. The Tax Court held that Mr. Kovacevich was an employee because WMI's board paid him a salary, and he filed IRS Form 940 with the following language: "The amount of earnings of Employee Robert E. Kovacevich was not clear, hence was left off. The Employee paid all Income Tax due, hence the withholding is unnecessary." *Id*. at **4-5 (emphasis added). In addition, he served as WMI's president and secretary-treasurer, solely worked in all significant aspects of WMI's business, performed substantial services for WMI in his capacity as an officer, and obtained remuneration for such services from WMI. *Id*. at *1. For its part, WMI treated Mr. Kovacevich as an employee and failed to submit information to the IRS consistent with his supposed independent contractor status.

ORDER GRANTING UNITED STATES' MOTION TO DISMISS ~ 2

*Id*. at *5. WMI therefore owed the employer share of employer taxes, plus penalties, as the IRS would calculate. *Id*.

WMI then appealed the Tax Court decision to the Ninth Circuit Court of Appeals. *See Western Mgmt. Inc. v. Comm'r of Internal Revenue*, 176 Fed. Appx. 778 (9th Cir. 2006). The Ninth Circuit upheld the 2003 Tax Court decision in all respects except with regard to its calculations of the amount of income tax withholding. *Id*. at 782. The Ninth Circuit remanded the case for consideration of the narrow issue of whether the plaintiffs had paid personal income tax for Mr. Kovacevich's wages. *Id*. On remand, the Tax Court held that the plaintiffs had paid all outstanding individual income tax liabilities related to wages paid to Mr. Kovacevich in 1994 and the first quarter of 1995 and that the IRS could not collect income tax withholding liabilities related to those wages. *See Western Mgmt. Inc. v. Comm'r of Internal Revenue*, 2007 WL 2213747, at *2 (T.C. Aug. 2, 2007). The Ninth Circuit affirmed the Tax Court's decision on remand in *Western Mgmt. Inc. v. Comm'r of Internal Revenue*, 314 F. Appx. 65 (9th Cir. 2009).

The next phase of the plaintiffs' employment tax litigation began in 2008. That year, the plaintiffs and WMI filed a suit in the Court of Federal Claims seeking a refund of amounts previously paid by the plaintiffs and applied towards WMI's employment tax liabilities for the four quarters of 1994 and the first quarter of 1995. *See Western Mgmt. Inc. v. United States*, 101 Fed. Cl. 105 (2011). As

ORDER GRANTING UNITED STATES' MOTION TO DISMISS ~ 3

part of a counterclaim, the United States sought to recover WMI's outstanding employment tax liabilities from the plaintiffs for the same quarterly tax periods. *See id*. at 107. The United States argued that Mr. Kovacevich, as the alter ego of WMI, should be held personally liable for WMI's outstanding employment taxes and that Mrs. Kovacevich should be held liable for Mr. Kovacevich's tax liability under Washington community property law. *See id.* The Court of Federal Claims agreed. It held that the United States was entitled to recover against the plaintiffs for WMI's outstanding employment tax liabilities from 1994 and the first quarter of 1995, totaling $87,879.39 plus statutory interest. *Id*. at 121. The court further held that the doctrine of res judicata with respect to the previous Tax Court decision barred the plaintiffs from relitigating the issue of the appropriateness of the IRS crediting WMI's tax account with prior payments made by the plaintiffs. *Id.* at 115, 119.

Plaintiffs and WMI appealed to the Federal Circuit Court of Appeals which upheld the decision in all respects, except for one, remanding the case to determine whether the plaintiffs had previously received credits for the full amount of self-employment taxes they paid for the four quarters of 1994 and the first quarter of 1995. *See Western Mgmt. Inc. v. United States*, 498 Fed. Appx. 10, 16 (Fed. Cir. 2012). On remand, the Court of Federal Claims held that the plaintiffs and WMI had already received credit for the amounts that the plaintiffs self-assessed and

ORDER GRANTING UNITED STATES' MOTION TO DISMISS ~ 4

paid as self-employment taxes for Mr. Kovacevich for the quarterly tax periods at issue. *See WMI v. United States*, 2013 WL 8182486, at *1 (Fed. Cl. May 28, 2013). The amount of the United States' counterclaim determined in 2011 was therefore correct and ready for collection. *Id*. The Federal Circuit affirmed this decision in *Western Mgmt. Inc. v. United States*, 552 F. App.x 990 (Fed. Cir. 2014), *cert. denied,* 572 U.S. 1117 (2014).

The United States applied to the Eastern District of Washington District Court to register the Court of Federal Claims judgment obtained against the plaintiffs in 2011. *See Kovacevich v. United States*, Case No. 2:17-MC-00036-JTR (E.D. Wash. Jul. 24, 2017) (ECF No. 1). Both Mr. and Mrs Kovacevich lodged letters to the Court contesting the collection. After collection, the United States filed notices of satisfaction of judgment with the ED of WA District Court in late 2022.

## DISCUSSION

The doctrine of *res judicata* has been explained by the U.S. Supreme Court as follows:

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "*res judicata*." Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim. By preclud[ing] parties from

ORDER GRANTING UNITED STATES' MOTION TO DISMISS ~ 5

contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.

*Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (alterations in original) (footnote omitted) (citations and internal quotation marks omitted).  "The elements necessary to establish [claim preclusion] are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[T]he doctrine of *res judicata* (or claim preclusion) 'bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties. . . on the same cause of action.'" *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980)).

      In the present case, Plaintiffs are raising precisely the same claims that they raised in the previous cases, are raising them against the same defendant, and are raising them based on the same underlying factual allegations.  They previously lost all their arguments with multiple courts.  Thus, *res judicata* applies.

//

//

ORDER GRANTING UNITED STATES' MOTION TO DISMISS ~ 6

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. The United States' Motion to Dismiss, ECF No. 12, is **GRANTED**.

2. This case is **DISMISSED** with Prejudice.

The District Court Clerk shall enter this Order and Judgment accordingly and furnish copies to the parties. The file shall be **CLOSED**.

DATED December 11, 2024.



THOMAS O. RICE
United States District Judge